### SAUPE v INDUSTRIAL COMM.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6092. Decided March 16, 1942.

Davies, Hoover & Beall, Cincinnati, and Thomas F. H. Stueve, Cincinnati, for appellant.

Thomas J. Herbert, Columbus, E. P. Felker, Columbus, and Edward A. Schott, Cincinnati, for appellee.

### OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the court of common pleas of Hamilton county.

The plaintiff brings this appeal from an adverse order of the Industrial Commission, for herself and a minor, as wife and child, and as claimants and dependents of a deceased employee of The Loring Andrews Company.

The trial court instructed a verdict in favor of the Commission at the close of plaintiff's evidence.

The petition is predicated upon a claim for an award based upon death of the employee caused by acceleration of the pathological conditions present in his body due to diabetes and arterio sclerosis, such acceleration being precipitat-

ed by unusual strain when assembling a cabinet in the basement of the store occupied by the employer, and resulting directly in a cerebral hemorrhage.

It appears from the evidence that the deceased was by trade a cabinet maker; that he had been employed for some time principally in making picture frames, but when coming into the employ of The Loring Andrews Company, he had been required to make, put up, and assemble a number of cabinets of various sizes; that upon the day of his death February 15th, 1939, he had made a cabinet ten feet long, six and a half feet high, and thirty inches deep, in a place across the street from the store of The Loring Andrews Company. The frame of the cabinet and the bottom, top and sides, composed of ply wood, were carried across the street in a "knocked down" condition and· assembled in the basement of the store. The cabinet was equipped with four doors in the front, and the deceased, a man sixty-four years of age, five and a half feet tall, and weighing two hundred pounds, was inside the cabinet, placing screws in place, when he collapsed. The temperature in the room was 75 degrees, and much higher inside the cabinet. There were steam pipes over the cabinet. The deceased was compelled to work in a cramped position while placing screws in the inside of the cabinet in a location above his head. Just before his collapse, he was observed to perspire freely, and shortly thereafter his knees buckled and he fell against another employee, working with him.

That the claimants are entitled to an award if the deceased met his death because of injury causing acceleration of disease, if it be alleged and proved such injury was received during and because of his employment, can not be doubted. **Ackerman v Industrial Commission, 131 Oh St 371.**

Arterio sclerosis is what is commonly called hardening of the arteries, which due to excess of lime deposit lose their elasticity and thus retard the flow of blood through them. They become brittle and if by reason of strain or exertion the pressure of blood is increased may crack or break. The arteries in the brain are in many cases very small and this brittleness presents a condition of extreme danger to the individual since a break in one of such arteries is almost certain to cause death upon the flooding of the brain area. It is the undisputed evidence of the physicians concerned that the deceased while he was working and due to the strain and increased blood pressure and the condition of his arteries, died because one of the arteries in the brain cracked or split under such pressure, flooding his brain and causing his death a few hours after the injury.

If the bones of the deceased had become porous or unduly brittle because of disease and while trying to drive home a screw, his shoulder blade had broken, it can hardly be supposed the Commission would have denied compensation. What difference is there in actual effect in the two situations, a brittle blood vessel, a brittle bone?

It is apparent also from the record that the deceased was not required usually or frequently, or in fact ever before to be confined in a narrow, limited space and submit to the particular exertion which here caused his death.

The matter of what or what is not an injury within the meaning

of the Constitution and statutes has been the subject of a long line of decisions of our Supreme Court. The legislature recently amended the law, and it is now provided in §1465-68 GC, that:

"The term 'injury' as used in this section and in the Workmen's Compensation Act shall include any injury received in the course of, and arising out of, the injured employe's employment."

If anything were needed to definitely include within the purview of the language used such an instance as that in question, it is now supplied by such amendment.

The judgment is reversed and the cause remanded for a new trial.

MATTHEWS, PJ. & HAMILTON, J., concur.